497 P.2d 1382

**Martha L. PATTON et al., Plaintiffs
and Respondents,**

v.

**Virgil J. LLOYD et al., Defendants
and Appellants.**

**No. 12571.**

Supreme Court of Utah.

June 2, 1972.

Ellett, J., dismissed and filed opinion which Crockett, J., joined.

Herschel Bullen, Salt Lake City, for defendants and appellants.

Cullen Y. Christensen, Provo, for plaintiffs and respondents.

HENRIOD, Justice:

Appeal from a judgment for rentals due plaintiffs in a case involving lease and rental agreements incident to a motel construction, tried to the court for interpretation of documents of title and interest. Affirmed, with costs to respondents.

As is not uncommon, in a case like this, parties naturally appraise their rights in terms more favorable in their own estates. The documents were handed to the court for interpretation. The decision which was unfavorable to defendants, provoked two points on appeal: 1) That the evidence did not sustain the decision, with which point we do not agree; and 2) That defendants' attorney was unethical, urging that for that reason we should reopen this whole case. As to the latter point, no such charge was leveled at the trial level, but only after the unfavorable decision and for the first time on this appeal.

One might infer a degree of unorthodoxy and even questionable regularity in representation in this case, but the record does not establish such inference posed by defendants to establish such unethic, save here on appeal. We do not deign to assume the luxury of agreeing with defendants, without procedural and clear evidentiary substance. Especially is this true because of the moribundity and demise before the matter was presented to us, of the one

whose cupidity posthumously now is sought to be established. This could have been a matter for the Bar Association's indulgence, but not for annotation by us in the reporter system without any semblance of due process save speculation of one of the litigants. This man's case is now before a higher tribunal on appeal where the review may not be confined to the rules of evidence, but to the evidence itself.

The record here reflects no objections to the judgment, unethical conduct, incompetence of counsel, nor was there any motion for a new trial or the reasons therefor. So saying, we, in candor, cannot agree with appellants that the trial court had a lack thereof, nor with the implication that we should agree with appellants' inference that we should conclude that counsel's action was tantamount to an inexcusable disloyalty, punishable by a judgment of this court that this case be reopened so that appellants might file another answer, join new parties and do a couple of other things to protect rights they claim they have which they failed to assert and claim under traditional procedural trial tactics. If they claim misrepresentation by a reprobative advocate, their right to try such issue is inviolate,— but in another proceeding involving his estate,—but not in this forum, where the coffin has been nailed down and closed against asserted sins not previously pressed, —all of which ousts us of jurisdiction in such ephemeral matters.

CALLISTER, C. J., and TUCKETT, JJ., concur.

ELLETT, Justice (dissenting):

I dissent.

No testimony was given at the trial of this case, and the matter was decided solely upon some contracts, leases and deeds introduced into evidence. We, therefore, are in as good a position to determine the matter as was the trial judge, since he was not called upon to determine the truthfulness of any testimony given.

The facts of this case are substantially as follows:

The Lloyds rented a 5.89 acre tract of land from the Fraziers, for which they agreed to pay $600 per month. They sublet a part of the leased land, and the sublessee has at all times paid the Fraziers the sum of $600 per month, being the rent on the entire tract of land. Frazier sold slightly less than one half of the land to the Pattons, who are now the owners thereof. Notice of the sale was given by mail to the Lloyds. The Pattons and the Fraziers never at any time agreed on the proportionate share of the rental which would be due on the land sold. No rent money has ever been paid to the Pattons, and this declaratory action was instituted to have the court determine the respective rights and duties of the plaintiffs and the defendants under the lease agreement entered into by and between the defendants and the

Fraziers and to determine whether or not the defendants are in default under the terms of the lease agreement relating to 2.08 acres described in some exhibits attached to the complaint.

The trial court found that approximately one half of the land under lease was sold to the plaintiffs and that plaintiffs had not received any rent thereon. He then concluded as a matter of law that defendants were delinquent in rental payments to the plaintiffs and owed to them the sum of $10,200, being 34 months' rent at the rate of $300 per month, and awarded judgment to the plaintiffs in that amount. The defendants appeal.

When rented land is sold, the rentals pertaining thereto pass with the land absent a specific reservation therefor; and after notice to the tenant of the transfer, the rents due on the land must be paid to the new owner.[1]

The rentals applicable to the land purchased by the plaintiffs have never been determined and cannot now be ascertained without the Fraziers and/or their heirs being made a party to the proceeding for the reason that any amount given to the Pattons must be deducted from the Fraziers.

The defendants ask us to remand the case so as to permit the Fraziers to be made parties hereto. It seems to me that they are indispensable parties to a determination of the matter, and whether the defendants make them parties as they wish to do or whether the plaintiffs should have made them parties in the beginning seems to be immaterial. An interesting phase of this case is that Leon Frazier, now deceased, was a lawyer and represented the defendants herein at trial. His own conflict of interest may have tended to prevent his raising the question of lack of an indispensable party at the time of trial.

Ordinarily this court will not consider a matter on appeal which was not presented to the court below. In view of the fact, however, that defendants' lawyer would have been the indispensable party, I think the usual procedure should not be followed and we should require the trial court to consider this matter on its merits when the necessary parties are before it and when proof could be made regarding the proration of the reserved rent.

For all we know, the land purchased by the plaintiffs may be swampy land under water or may be located on a steep mountainside, and I do not see how the court can determine the rent without testimony.

Since neither the plaintiffs nor the defendants knew what the proper share of the reserved rent would be as it applies to the land sold to plaintiff, I do not see how plaintiffs were in any position to make a demand upon the defendants for any rent at all, since they had no agreement with

1. 49 Am.Jur.2d, Landlord and Tenant, § 530; 51C C.J.S. Landlord and Tenant § 258.

them. Until a demand for the proper amount was made by the plaintiffs, it seems to me that the defendants would be entitled to continue to pay the rent to the Fraziers and let the plaintiffs and the Fraziers dispute as to the amount which belonged to each party.

I would reverse the judgment and remand the case to the trial court for proper proceedings after all indispensable parties are joined therein. Costs should be awarded to the appellants.

CROCKETT, J., concurs in the views expressed in the dissenting opinion of EL-LETT, J.

